Charles H. Baldwin, as Commissioner of Agriculture and Markets of the State of New York, Appellant, *v.* Dennison Burdick, Respondent.

Third Department, January 23, 1935.

*Henry S. Manley, Counsel for the Milk Control Division, Department of Agriculture and Markets of the State of New York* [*Robert G. Blabey* of counsel], for the appellant.

*H. P. Humphrey,* for the respondent.

HEFFERNAN, J.   This is an action for an injunction.

Respondent operates a dairy farm near Troy and sells milk to consumers in that city.   Section 257 of the Agriculture and Markets Law (added by Laws of 1934, chap. 126) provides that no " milk dealer " shall sell or distribute milk unless he is licensed.   It is conceded that respondent has no license and it is his contention that he is not a " milk dealer " within the meaning of the statute and hence that a license is unnecessary. ·

The learned justice at Special Term has sustained respondent's contention and has denied, as a matter of law, and not in the exercise of discretion, appellant's application for a temporary injunction.

The sole question presented is one of statutory interpretation. The definition of a milk dealer contained in the statute (§ 253) is as follows: " ' Milk dealer ' means any person who purchases or handles or sells milk.   Each corporation which if a natural person would be a milk dealer within the meaning of this article, and any subsidiary and affiliate of such corporation similarly engaged, shall be deemed a milk dealer within the meaning of this definition.   A hotel or restaurant which sells only milk consumed on the premises where sold, or a producer who delivers milk only to a milk dealer, shall not be deemed a milk dealer."   That definition varies in two respects, neither of which is relevant for present purposes, from the definition found in the earlier Milk Control Law (Laws of 1933, chap. 158, § 301).   The significant language for present purposes is that " milk dealer " includes a person who either " purchases " or " sells," and that " a producer who delivers milk only to a milk dealer, shall not be deemed a milk dealer."

The provision that " a producer who delivers milk only to a milk dealer, shall not be deemed a milk dealer " was added in the Senate (Print No. 2192).   Obviously the Legislature feared that without such a qualification even a producer selling to a milk company would be a " milk dealer," inasmuch as he " sells " milk.   It seems equally obvious that the Legislature did not wish to except a producer who delivers milk to somebody other than a milk dealer, i. e., a consumer. Such a producer, who is usually described as a producer-distributor, was intended by the Legislature to be subject to the regulations imposed upon every " milk dealer."

The respondent in this case is a small farmer, but it is a mistake to suppose that all producer-distributors are individuals or do only a small business.   In Poughkeepsie and in New York city, at least, there are incorporated milk dealers which own hundreds of cows and sell the milk to stores and consumers.   If the law is interpreted to mean that only a milk dealer buying milk from producers is

subject to licensing and to price regulations there will be a tendency for many dealers to escape regulation by becoming producers as well as dealers.

The learned justice in the court below was right in supposing that the purpose of the Milk Control Law (Laws of 1934, chap. 126) is the protection of the producers, but he erred in concluding that the law never imposes any obligation upon a producer. " Bearing in mind the manifest intent of the Legislature [to protect producers] it would be inconsistent to find in section 257 a prohibition in regard to a producer," he said. We see no inconsistency in imposing obligations upon producers in return for protection, and particularly we see no inconsistency in imposing upon a producer who does not sell to a dealer as most producers do, but himself becomes a dealer, the same obligations borne by other milk dealers.

The correct interpretation of the statute is important, but the disposition of this particular case is relatively unimportant. The erroneous statutory interpretation upon which the order below is based requires that it be reversed.

The proof in this record clearly discloses that respondent is violating the law. There are no disputed questions of fact.

The order appealed from should be reversed and the motion for an injunction *pendente lite* granted, but under the circumstances, without costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Order reversed on the law, and motion for an injunction *pendente lite* granted, without costs.