## Milk Control Board v. Stafford, etc.

*Gilbert S. Parnell*, Deputy Attorney General, for Milk Control Board.

*Hosbach & Gleeten*, for defendant.

HIRT, P. J., April 12, 1937.—This is an action in equity for an injunction to restrain defendant from handling milk within the Commonwealth of Pennsylvania for sale, shipment, storage, processing, or manufacture.

There is no dispute as to the facts. V. A. Stafford, defendant, owns and operates his own farm and dairy in Venango Township, this county, and produces milk, varying in quantity from 300 to 500 quarts per day, which he distributes and sells to customers in the City of Erie, Pa. He buys no milk for resale, but, on the contrary, sells only milk which is produced by his own dairy. He has not applied for nor secured a milk dealer's license from the Milk Control Board of the Commonwealth of Pennsylvania in accordance with the Milk Control Board Law of April 30, 1935, P. L. 96.

The definition of a "milk dealer" under section 3 (*a*) of the above act includes one who handles milk within the Commonwealth for sale but excludes a producer who delivers milk to a milk dealer only. Defendant does not come within this exclusion, for the reason that he delivers and

sells his milk to customers at retail. Section 10(c) provides that a milk dealer shall make application to the board for a license to operate as such, on or before April 15th annually. Section 10(a) provides:

"Except as herein otherwise specifically provided, a milk dealer, as defined in this act, shall not buy milk from producers or others within this Commonwealth for storage, manufacture, processing, distribution, or sale within . . . this Commonwealth . . . unless such dealer be duly licensed as herein provided; and it shall be unlawful for a milk dealer to buy milk from, or sell milk to, a milk dealer who is not either licensed or exempted as herein provided, or, in any way, to deal in or handle milk which he has reason to believe has previously been dealt in or handled in violation of the provisions of this act."

The Supreme Court of the State of New York has passed upon the question involved here and has construed an identical statute on parallel facts, in Baldwin, etc., v. Burdick, 243 App. Div. 250, 276 N. Y. Supp. 675. It is there held that an operator of a dairy farm, selling milk to consumers in a nearby city, is a "milk dealer" within the above definition and must apply for and secure a license. Such producer or producer-distributor was intended by the legislature to be subject to the regulations imposed upon every "milk dealer". The principles there discussed dispose of the question in this case. Imposing reasonable restrictions upon the production, distribution, and sale of milk, and requiring a milk dealer to secure a license is a valid exercise of police power: Rohrer v. Milk Control Board, 121 Pa. Superior Ct. 281. In our opinion the right to an injunction is clear.

And now, to wit, April 12, 1937, it is ordered and decreed that a permanent injunction shall issue restraining defendant, V. A. Stafford, individually and trading as Stafford's Dairy, from handling milk within the Commonwealth of Pennsylvania, for sale, shipment, storage, processing, or manufacture, unless defendant, in proper form, within 10 days, shall make application for a license to

operate as a milk dealer and shall pay the necessary fee therefor, and shall in all other respects comply with the applicable provisions of the Milk Control Board Law of 1935, supra.